*State Emblem of Ukraine*

**Public Prosecution of Ukraine**

# GENERAL PROSECUTOR'S OFFICE OF UKRAINE

01601, Kyiv-11, Riznytska Str. 13/15                              fax: 290-28-51

25. 03. 2005   No 14/2-23833-04

U.S. Department of Justice
Office of International Affairs
Senior Counsel
To:    Rex Young

New York Ave., 1301, 6th floor
Washington, D.C. 20005

**Dear Mr. Young,**

The General Prosecutor's Office of Ukraine pays its high respect to the Department of Justice of the United States of America and in conformity with the provisions of the Agreement between Ukraine and the United States of America *On Mutual Legal Assistance in Criminal Matters*, of 22.07.1998, approaches with the application for legal assistance.

The Investigation Division of the Tax Militia for the State Tax Administration in Lugansk region is investigating a criminal matter No 41-04-8027, initiated on the fact of evasion from taxes on especially large scale by officials of a limited liability partnership company *Lugansk Energy Association* by the elements of crime, envisaged by section 3 of Article 212 of the Criminal Code of Ukraine.

In the course of investigation of the circumstances of the committed crime the need has arisen for carrying out of proceedings in the territory of the United States of America.

In view of the time limit for the inquiry period in the matter, I request you to organize the execution of two international investigatory commissions of the Investigation Division of the Tax Militia for the State Tax Administration in Lugansk region, enclosed hereto, as soon as possible.

The criminal matter pursues no political objectives. The General Prosecutor's Office of Ukraine assures the Department of Justice of the United States of America that materials received will be used by Ukrainian law-enforcement bodies only within the limits of the criminal matter and its consideration at court.

You are requested to send materials of the executed commission at the address of the General Prosecutor's Office of Ukraine, referring to number 14/2-23833-04.

If the execution of this commission is impossible, I would like you to inform the General Prosecutor's Office of Ukraine of the circumstances preventing this.

Enclosure:    Commission in Ukrainian and in English,
              in all on 69 pages.

Yours faithfully,

Head of International-
Law Department                                          S.F. Kravchuk

Translator of the General Prosecutor's Office of Ukraine         R. Mykytenko

*Переклад з російської мови на англійську*
*Translation from Russian into English*

**TO WHOM: to competent Bodies of United States of America.**

On requesting about rendering assistance in investigation criminal case, commenced on the fact of intentional tax evasion by the officials of the enterprise - society with limited liability "Luganskoe energeticheskoe ob'edinenie "
( "Luganskoe energeticheskoe ob'edinenie " (« Lugansk power affiliation «) ), on components of crime, stipulated by part 3 articles 212 of the criminal Code of Ukraine.

## THE APPLICATION
### about rendering of the international legal aid

**City of Lugansk**                                                         **December 6, 2004**

The investigation department of tax militia of State tax administration in Lugansk region, according to the Agreement between Ukraine and United States of America " About the mutual legal aid o criminal cases " of July 22, 1998 addresses with the application to the competent law-enforcement Bodies of the United States of America about executing the application regarding conducting separate proceedings on criminal case № 41-04-8027.

The investigation department of tax militia of State tax inspection in Lugansk region, investigates activity of the officials of the limited society "Luganskoe energeticheskoe ob'edinenie " (" Lugansk power affiliation "), identification code ▇▇▇▇▇ who are suspected of tax evasion in the especially large sizes, that is 5 749 380,19 UAH *(which approximately makes up 1 058 820 US dollars)*, as well as in intentional misappropriation of means from the State budget of Ukraine in the indicated sum.
The criminal case № 41-04-8027 is lodged on the fact of intentional tax evasion by the officials of enterprise – society with limited liability "Luganskoe energeticheskoe ob'edinenie " (« Lugansk power affiliation «) ( hereinafter - "Luganskoe energeticheskoe ob'edinenie " Ltd. identification code ▇▇▇▇▇ on elements, crime stipulated by part 3 article 212 of the criminal Code of Ukraine.
In the course of the prejudicial inquiry on criminal case № 41-04-8027 there was established implication to crime of the officials of company "Luganskoe energeticheskoe ob'edinenie " Ltd which was concluded in wrongful reference into composition of the tax credit on VAT in January, 2003 in the sum of tax 5 749 380,19 UAH ( *approximately 1 058 820 US dollars*). With such operation they have executed all indispensable actions for the subsequent intentional misappropriations by means from the State budget of Ukraine in the indicated sum under the following circumstances:

### CIRCUMSTANCES OF THE CASE

The prejudicial inquiry establishes, that the officials of the Society with the limited liability "Luganskoe energeticheskoe ob'edinenie " (« Lugansk power affiliation «) (code ▇▇▇▇▇ Lugansk) /hereinafter "Luganskoe energeticheskoe ob'edinenie " Ltd. /, in conspiracy with unknown persons, with the purpose of evading from payment into the budget of the value added tax / *hereinafter VAT* /, by illegal receiving of the right for the tax credit while acquiring the goods and right for "zero" rate on VAT with its the " so-called export " ("pseudo-export") on the basis of the knowingly false documents, have realised documentary made illegal scheme , which further was reflected in reporting and accountability of company "Luganskoe energeticheskoe ob'edinenie " Ltd. , which has resulted in unreasonable formation of the tax credit and respectively to reducing of means subjected to payment into the budget of VAT, and as outcome to stealage of money resources from a State budget by illegal indemnification of VAT into the settlement account of company.

— 2 —

For example, in a book-keeping and tax reports and accordingly in the tax accounts of company "Luganskoe energeticheskoe ob'edinenie " Ltd. in 2003 on the basis of knowingly false documents was reflected the following:
- According to the contract of purchase and sale of 25.06.2002. № 7/132 the company "Luganskoe energeticheskoe ob'edinenie " Ltd. has acquired from firm "Etalon service " Ltd. (city of Kiev) goods under the title - *"Devices of filtration of natural gas УФ- 9-50-12 "* <u>produced in 1991</u> in quantity 72 pieces on considerable overprice - 479 115 UAH per item, on a total sum 34 496 281.15 UAH including VAT in the sum 5 749 380,19 UAH *(approximately 6 388 200.2 US dollars)*, namely:
Under the charge note № 4 of 17.01.03 - 39 pieces at the price of 393 275.8 UAH for 1 piece on a total sum 18 405 307.44UAH, including VAT in the sum 3 067 551.24UAH
Under the charge note № 5 of 27.01.03 - 33 pieces at the price of 406 337.72UAH for 1 piece on a total sum 16 090 973.71 UAH, including VAT in the sum 2 681 828.95UAH

In the course of further investigation it was established that the cost of the similar new goods produced at present by the daughter enterprise "Promprilad-centre", Open Joint-Stock Company "Promprilad" (city of Ivano-Frankovsk), according to the price-list constitutes not more than 800 UAH./piece, that is legalizing purshase with overpricing on each unit of article more than 57 times compared to newly produced similar goods, and with taking into account ageing, obsolescence and wearing of the goods produced in 1991, more than in 100 times.
Further, in January, 2003 the company "Luganskoe energeticheskoe ob'edinenie " Ltd. –
/ Comintent / has concluded the agreement of commission № 1 with private Enterprise "Technoproekt" ( city of Odessa) / Comissioner/ dated 17.01.2003r., on the basis of which for export sale there was carried out handing over of the above-stated goods for total amount **29 360 911,68 UAH.** without VAT .
Later on the above- mentioned freight having the title *" The Device of filtration of natural gas УФ-9-50-12 "* for total sum **5 505 618,24 US dollars** on the basis of the following contracts:
> Sale and purchase Contract № 03.01.27 of 27.01.03 for the sum of 2 982209.88 US dollars;
> Sale and purchase Contract № 03.02.11 of 11.02.03 for the sum of 2 523 408,36 US dollars;
concluded between Private Enterprise « Technoproekt « and company **" Metalex L. T. D. " 62 Rockford road Wilmington, DE 19806-1004, USA.** has passed customs formalities at the Black Sea regional custom-house and according to Cargo Custom Declaration № 50004/3/003992 of 20.02.03. in quantity 39 pieces for the sum 15 932 461.50UAH and Cargo Custom Declaration № 50004/3/003993 of 20.02.03, in quantity 33 pieces for the sum 13 481 313.58UAH in one container it was shipped by a sea transport through a customs post "Novorossiysk" of the Novorossiysk custom-house of Russian Federation into address of the enterprise of the United States of America.
According to the graphs of the cargo customs declarations:
= Shipper / exporter (graph 2 of the cargo customs declaration) is a company "Luganskoe energeticheskoe ob'edinenie " Ltd., address :   4 "A", Ploshchad  Geroev  Velikoy  Otechestvennoy Voyny, city of Lugansk, Ukraine;
= Consignee / importer (graph 8 of the cargo  customs  declaration)  is a company Metalex  Ltd., Wilmington, USA;
= Person, responsible  for financial settlement (graph 8 of  the cargo customs declaration) – Private Enterprise " Technoproekt " ", address : 6, Dyukovskaya street, city of Odessa, Ukraine;

- 3 -

= Declarant / representative (graph 14 of cargo custom declaration) - "Portovik" Ltd. ( Ilyichevsk, Ukraine);
= Country of destination (graph 17 of cargo custom destination ) - United States of America;
= Terms of delivery (graph 20 of Cargo custom declaration) - CPT - Novorossiysk;
= Financial and banking information (graph 28 of Cargo custom declaration) - AKB " TAC-Commercebank, Local Bank Index 300164, account №26000300301601.

Thus among other documents necessary for customs custom formalities of cargo there was enclosed to the above-stated cargo customs declarations the Passport №203.126.00.000, with the indication of the manufacturer of the goods having the title " *Devices of a filtration of natural gas УФ- 9-50-12* ", namely PTO "Ukragromash", Ministry of agriculture of Ukraine, produced on May, 1991, Technical specifications - 26-01-1098-91 .
In accordance with sub-item 9.2 of item 9 of the above-mentioned passport, the guarantee period of exploitation of this device makes up 18 months from the date of putting into operation, and not more than 24 months after shipment from the manufacturer.
Taking into account the above-mentioned it is possible to draw a conclusion that the officials of enterprise "Luganskoe energeticheskoe ob'edinenie " (« Lugansk power affiliation «) have acquired the goods having the above-stated title and later on have exported it into address of the firm non-resident, the guarantee period of exploitation of this goods has expired in May, 1993, that is on the moment of its acquiring and realisation ( February, 2003 ) the guarantee period of exploitation has expired 6 times.

Thus, with the purpose of illegal receiving of the right on the "zero" rate on VAT under the certainly false documents, there was carried out declaring and the export of the indicated "goods" in quantity 72 pieces **for total sum 29 369 720,5 UAH., without VAT (approximately 5 505 618,24 US dollars) into address of firm non-resident " Melalex L.T.D. " 62 Rockford road, Wilmington, DE 19806-1004, USA.**

However, taking into account the above-mentioned, that the "so-called" goods *" Devices of a filtration of natural gas УФ-9-50-12 "* complying with Technical specifications - 26-01-1098-91 under the actual price, in reality was not acquired and did not pass customs formalities, and instead of it there was bought and exported obsolete goods having other characteristic and considerably smaller price, by illegally including in a composition of the tax credit on VAT, in the tax declaration on VAT for the tax period - January, 2003, the officials "Luganskoe energeticheskoe ob'edinenie " LTD , in violation of sub-items 7.2.1 of item 7.2 Article 7 and sub-item. n.7.4.5 of item. 7.4 Article 7 Law of Ukraine " About VAT " № 168\97-BP of 03.04.97 *(with changes and supplements)*, **evaded from payment into the budget of VAT for January, 2003 in the sum 5 749 380,19 UAH** and as the outcome, having the full right of the disposal by the budgetary funds, for which the officials of the indicated firm were ostensibly received the right by way of reallocation of means (assets ) of budgetary fund by way of reduction the payment into the budget of the tax obligations stated on VAT into account of the future payments have committed appropriation of pecuniary means from the State budget in amount 5 749 380,19 UAH .
Thus, the officials of "Luganskoe energeticheskoe ob'edinenie " Ltd. have executed all wrongful acts for intentional, misappropriation of means from the State budget of Ukraine in sum 5 749 380,19 UAH (approximately 1 060 402 US dollars), as a result of which they committed crimes, stipulated by part 3 article 212 and part 5 articles 191 of the criminal Code of Ukraine..

- 4 -

**The article 212 of the Criminal Code of Ukraine. Evasion from payments of taxes, duties and other obligatory payments**

1). Intentional evasion from payment of taxes, duties and other mandatory payments included into taxation system, introduced in order established by the law, committed by the official of the enterprise, institution, organisation, irrespective of patterns of ownership or by the person dealing with entrepreneurship without creation of juridical person, or by any other person obliged to do the above-mentioned payments, if these particular actions have resulted to actual non-entering means into the budgets or state trust funds in considerable sizes. -
Is penalised by the fine from three hundred up to five hundred free minimum of the incomes of the citizens or debar to take the definite positions or to deal with definite activity for the term up to three years.

2). The same actions committed on preliminary conspiracy by the group of persons, or if they have resulted to actual non-entering means into the budgets or state trust funds in the large sizes. -
Is penalised by the fine from five hundred up to two thousand not taxed minimum of the incomes of the citizens or correctional labour for the term up to two years, or restriction of freedom up to five years, with debar to take the definite positions or to deal with definite activity for the term up to three years.

3). Actions stipulated by the parts of the first or second present article, committed by a person earlier convicted for tax, duties evasions or other mandatory payments, or if they have resulted to actual non-entering means into the budgets or state trust funds in the especially large sizes. -
to be punished by deprivation of liberty for the term from five up to ten years with the debar to take the definite positions or to deal with definite activity for the term up to three years with confiscation of property.

**Note:**
= Under considerable size of means should be considered sums of taxes, duties and other obligatory payments, which in one thousand and more time exceeds minimum of incomes of the citizens established by the legislation and not imposed by the tax ;
= Under large size of means should be considered sums of taxes, duties and other obligatory payments, which in three thousand and more time exceeds minimum of incomes of the citizens established by the legislation and not imposed by the tax ;
= Under especially large size of means should be considered sums of taxes, duties and other obligatory payments, which in three thousand and more time exceeds minimum of incomes of the citizens established by the legislation and not imposed by the tax ;

**The article 191 of criminal code of Ukraine. Appropriation, embezzlement of property or misappropriation by it by an abuse of office.**

1). Appropriation or embezzlement of another's property entrusted to person or being in his management. -
Is penalised by the fine up to fifty not taxed minimum of the incomes of the citizens or correctional labour for the term up to two years, or restriction of freedom for the term up to four years, or deprivation of freedom for the term up to four years, with the debar to take the definite positions or to deal with definite activity for the term up to three years or without those.

2). Appropriation, embezzlement or **misappropriation of another's property by way of abuse by the official of his service rank** -
is penalised by restriction of freedom for the term up to five years or deprivation of freedom on the same term, with the debar to take the definite positions or to deal with definite activity for the term up to three years.

3). Actions, stipulated by parts first or second of the present article committed repeatedly or on preliminary conspiracy by group of persons, -
to be punished by the restriction of freedom for a term from three to five years or deprivation of freedom for a term from three up to eight years, with the debar to take the definite positions or to deal with definite activity for a term up to three years.

4). Actions, stipulated by parts first, second or thirds of the present article committed in the large sizes, -
to be punished by deprivation of freedom for a term from five up to eight years with debar to take the definite positions or to deal with definite activity for a term up to three years.

5). Actions, stipulated by parts first, second, thirds or fourth of the present article committed in the especially large sizes or by the organised group -
to be punished by deprivation of freedom for a term from seven up to twelve years with debar to take the definite positions or to deal with definite activity for a term up to three years with confiscation of property.

Note :
= Under the large size is considered the damage made by appropriation, embezzlement or occupancy of another's property abused by the official of his service rank, when this size in two hundred fifty and more times exceeds the tax-free minimum of incomes of the citizens:
= Under the especially large size is considered the damage made by appropriation, embezzlement or occupancy of another's property abused by the official of his service rank, when this size in six hundred and more times exceeds the tax-free minimum of incomes of the citizens:

The officials of company "Luganskoe energeticheskoe ob'edinenie " Ltd. have violated the indicated Laws, if the contract on delivery of the goods - " Devices of a filtration of natural gas УФ-9-50-12 " conforming to Technical specifications - 26-01-1098-91 into address the corporation " Melalex L.T.D. " (United States of America) was fictitious, that is the indicated American company did not conclude the above-indicated Contract, or did not received the goods under the indicated contract , or received under another price, which was stated by the Seller - "Luganskoe energeticheskoe ob'edinenie " Ltd.

Accessorial companies :
" Melalex L. T. D. " 62 Rockford road Wilmington, DE 19806-1004, USA.
at the Correspondent Bank : BANKERS TRUST COMPANY. New York, USA, for account No ▇▇▇▇▇.

2). "Luganskoe energeticheskoe ob'edinenie " Ltd.
Place of creation: Ukraine, city of Lugansk
Address: 4 "a" Ploshchad Geroev VOV, city of Lugansk.

**3). Private enterprise "Technoproekt "**
Place of creation: Ukraine, city of Odessa.
Address: 6, Dyukovskaya street, city of Odessa

**4). " Portovik " Ltd.**
Place of creation: Ukraine, Odessa region, Ilychevsk,
Address: 6, Lenin street, city of Ilychevsk, Odessa region

The investigator does not dispose of any additional information on above-stated enterprises except the fact, that in city of Odessa, director L. Konder acted as representative of the corporation " Melalex L.T.D. " during conclusion of Contracts "Sale and purchase " with private enterprise "Technoproekt", namely : Contract № 03.01.27 of January 27, 2003 and Contract № 03.02.11 of February 11, 2003 .

On the basis of the above-mentioned, guiding by the Agreement between the United States of America and Ukraine " About the mutual legal aid on criminal cases ", signed on July 22, 1998 in Kiev the investigation department of tax militia of state tax administration in Lugansk region addresses to you with the application:

**1). To establish and to interrogate as the witnesses the officials of firm " Metalex L.T.D. " 62 Rockford road, Wilmington, DE 19806-1004, USA** (director, his deputies, chief accountant, manager of storage rooms, **as well as** persons acting by proxy from indicated firm), and during interrogation the following problems to be clarified:

= In what position works, from what time, what is included in his official duties?

= whether he is familiar with somebody from the officials of company " Luganskoe energeticheskoe ob'edinenie" Ltd. (Ukraine,, Lugansk), private enterprise "Technoproekt (Ukraine,, Odessa), "Portovik " Ltd. (Ukraine, city of Ilychevsk, Odessa region), or other inhabitants of Ukraine, under what circumstances they have acquainted?

= whether the firm had any relationship with company " Luganskoe energeticheskoe ob'edinenie" Ltd. (Ukraine,, Lugansk), private enterprise "Technoproekt (Ukraine,, Odessa), "Portovik " Ltd. (Ukraine, city of Ilychevsk, Odessa region), according to which agreements ( Contracts), what kind of products was delivered and for what sum?

= whether there were concluded the contracts of sale and purchase under No 03.01.27 of 27.01.03 for amount of 2 982209.88 US dollars and Contract № 03.02.11 of 11.02.03 for amount of 2 523 408.36 US dollars and additional agreements to them, between firm " Metalex L.T. D. Wilmington USA and private enterprise " Technoproekt " (Ukraine) on delivery of goods " **Devices of a filtration of natural gas УФ-9-50-12 " Specifications-26- 01-1098-919** ?
You are kindly requested to submit copies of the indicated documents for the purpose of acquaintance.

= Who was the initiator of the conclusion of the indicated contracts, with whom from the representatives of the Ukrainian company the conditions of delivery were discussed, where the contracts were signed, what were the contact telephones of the officials of companies of Ukraine ?

= With what purpose was acquired goods - *"Devices of a filtration of natural gas Уф-9-50-12 "technical specifications - 26-01-1098-91 ?*

= kindly submit the calculation of economical profitability of acquiring of the indicated goods, produced in 1991.

= If Mr. L. Konder is really the director of firm " Metalex " L. T. D., whether he realised departure to Ukraine for conclusion of the indicated contracts and additional agreements to them?

= If the conditions of the indicated contracts and additional agreements to the indicated contracts were fulfilled?

= What firm rendered transportation services for carriage of above-stated products, who has suffered transportation costs;

= After receiving the products, where was it stored, into address of what enterprise it was hereinafter realised, under what cost;

= The procedure and method of payments, whether the payment was effected according to the concluded contracts and additional agreements, to account of what firm?

= At the expense of what money resources the firm " Metalex  L. T. D." has paid  for delivered products?

= on the basis of what documents, when, from whom (*from what bank accounts*) and on what settlement account were received the indicated money resources?

**In case if the money resources were received from the Ukrainian or Russian firm, the following questions to be clarified :**

= Into payment of what production ( works, services) the indicated money resources entered, in what sum and from what firm?

= what is the settlement account of bank  -  the sender of money resources and what is the settlement account of bank - the receiver of money resources?

= Date of remitting of money resources back into Ukraine – into bank account of which Ukrainian firm (or on the settlement account of another enterprise controlled by citizens of Ukraine)?

Note: the minutes of interrogations of the witnesses should be drawn up in accordance with the appendix № 1 to the present application.

2). To make selection of experimental specimens of signatures and handwriting of the chief of firm " Metalex L.T.D." Wilmington USA and obligatory from L. Konder.

Experimental specimens of signature and handwriting are needed for carrying out of handwriting expertise.

- 8 -

Note: the Protocols of specimens for expert investigation should be drawn up in accordance with the appendix № 2 to the present application.

3). **To carry out seizure** of the <u>originals</u> of all documents in the firm " Melalex L.T.D. " Wilmington USA. Concerning mutual co-operation with "Luganskoe energeticheskoe ob'edinenie " Ltd. *(Ukraine, Lugansk)*, private enterprise "Technoproekt" (Ukraine,. Odessa), "Portovik" (Ukraine, Ilychevsk, Odessa region), for all period of co-operation (agreements, contracts, accounting documentation, letters, payment documents etc.) and obligatory documentation confirming acquiring in Ukraine the settlements and further realisation of the goods " *Devices of a filtration of natural gas Уф-9-50-12 " the technical Specifications - 26-01-1098-91;*

*The documentation is needed in originals for carrying out handwriting expertise. Upon termination of the indicated expertise, the documentation will be immediately returned in full scope.*

Note: Protocol of seizure of documentation should be drawn up in accordance with the appendix № 3 to the present application.

4). To carry out the selection of experimental specimens of the seal impression of the firm " Metalex L.T.D. ".

Experimental specimens of the seal impression of the firm are needed for conducting criminalistic expertise.

Note: the protocols taking specimens for expertise investigation should be drawn up in accordance with the appendix № 2 to the present application.

5). **To carry out seizure** of legal case and document (printout) of motion of money resources on the settlement account " Melalex L.T.D. " at the correspondent bank:
BANKERS TRUST COMPANY. New York. USA. for account No███████, SWIFT : BKTR US 33 for a period from 1.01.03 up to 1.07.03.

*The documentation of legal case is needed in originals for carrying out handwriting expertise. Upon termination of the indicated expertise, the documentation will be immediately returned in full scope.*

Note: Protocols of seizure of documentation should be drawn up in accordance with the appendix № 3 to the present application.

The investigation department of tax militia of the State Tax Administration in Lugansk region assures the management of the competent law-enforcement Bodies of United States of America that the given application about granting of the legal aid to the law-enforcement Bodies of Ukraine on investigation case is made in full conformity with the current legislation of Ukraine and within the frameworks of authorities granted to it.

The investigation department guarantees, that any information and documents received as a result of the given inquiry, can be utilised only with the purpose of conducting pre-trial inquest for an accumulation of evidence on criminal case № 41-04-8027, and also for the considerations in the court, and are not subjected to be used for any other purposes.

- 9 -

The investigation department of tax militia of the State Tax Administration in Lugansk region thanking you in advance for co-operation in this case and, using an opportunity, expresses you deep respect and readiness to render similar legal aid on the basis of mutuality in case of conforming request.

You are kindly requested to send the executed errand into the following address: Ukraine, 91000, Lugansk, 2 "a" Kotsyubinskiy street. The investigation department of tax militia of the State Tax Administration in Lugansk region telephone / fax: +38-0642-58-96-94; telephone +38-0642-58-96-99.

### The appendix:

1). Decree about execution of the documentation seizure at the firm " Metalex L.T.D. " Wilmington USA on 2 sheets, in 2 copies.
2). Decree about execution of seizure of legal case and document ( printout) of motion of money resources on the settlement account " Metalex L.T.D. " at the correspondent bank: BANKERS TRUST COMPANY, New York, USA, for account ▮▮▮▮▮▮▮▮ SWIFT : BKTR US 33 for a period from 1.01.2003 up to 1.07.2003 on 2 sheets in two copies.
3). The decree about taking experimental specimens of the seal impression of the firm " Metalex L.T.D. " on 2 sheets, in 2 copies.
4). The decree about taking experimental specimens of signatures and handwriting of the chief of firm " Metalex LTD. Wilmington USA and obligatory from L. Konder on 2 sheets, in 2 copies.
5). Appendix №1 - transcript of interrogation of the witness.
6). The appendix № 2 – Protocol of taking specimens for expert investigation.
7). Appendix № 3 – Protocol of seizure
8). Abstract of the legislation of Ukraine.
9). Photocopy of the documents on ___ sheets.

Let me express gratitude in execution of the application and assistance in investigation of criminal case.

Deputy Chairman –
Head of investigation department of tax militia
of the State Tax Administration in Lugansk region
Colonel of Tax militia

A. N. SIDOROVICH

Executive   S. V. SOLODCHENKO

Перевод выполнил ведущий эксперт Луганской ТПП      Руденко Н.В.
паспорт ЕК № 778990 выдан Жовтневым РОУМВД   Украины
в Луганской области 4 марта 1998 года

The translation was made by the leading expert of translation Bureau at the Lugansk Chamber of Commerce and Industry   RUDENKO N. V.
Passport EK No 778990 issued by department of internal Affairs in Zhovtnevy district on March 4, 1998

## THE ABSTRACT FROM LEGISLATION OF UKRAINE

*Before the beginning of interrogation:*



The witness should be informed that he is called for interrogation as a witness on criminal case No 37 / 03/9206 brought by fact of tax evasion by officials of company " Luganskoe energeticheskoe ob'edinenie " Ltd. on signs of crime stipulated by part 3 Article 212 Criminal Code of Ukraine.

It is needed to explain to the witness that in accordance with Article 63 of Constitution of Ukraine the person does not bear responsibility for refusal of evidences or explanations in respect of himself, members of his family or close relatives, circle of which is defined by the law.

It is needed to explain to the witness that in accordance with Article 10 of Constitution of Ukraine the State language in Ukraine is Ukrainian. There is guaranteed in Ukraine free development, using and protection of Russian language and other languages of national minority of Ukraine.

It is needed to explain to the witness that in accordance with Article 69-1 of criminal and code of practice he has the following procedural laws :

1. To give evidences in native language or in language by which he masters fluently, and to use services of interpreter.
2. To demur interpreter
3. To know why and on what criminal case he is interrogated.
4. To bear personally his evidences in transcript of interrogation.
5. To use notes and documents while giving evidences , in case if evidences concern any calculations or any other information which makes it difficult to hold in memory.
6. To refuse in giving evidences in respect of himself , members of his family and close relatives.
7. To acquaint with transcript of interrogation and to request about introducing changes . amendments and remarks, into it, to make personally such amendments and remarks.
8. To make a complaint to prosecutor for actions of investigator.
9. To receive reimbursement of expenses associated with call for giving evidences.

If there are relevant reasons the witness has a right for providing security by means of taking measures stipulated by law and in procedure stipulated by Article 52-1 – 52-5 Criminal Code and Code of Practice of Ukraine.

**The article 52-1 of Criminal and Code of Practice of Ukraine**
**Security measures for persons taking participation in criminal procedure**

The persons taking participation in the criminal procedure, in case of availability of actual threat to their life, health, dwelling or property have the right for providing security.
The right for providing security if there are related reasons for that , have the following persons :
1). A person stating to the law-enforcement agency about a crime or any in other form participating in detection, warning, suppression and disclosure of a crime or encouraging to this;
2). Victim or his representative in criminal case;
3). Suspected person, accused, defenders and legal representatives;

- 2 -

4). Civil claimant, defendant and their representatives on case about indemnification made by a crime;
5). Witness ;
6). Expert, specialist, interpreter and witness;
7). Members of families and close relatives of persons listed in items 1-6 of the present article, if by threats or other wrongful acts in respect of them the attempts are undertaken to influence the participants of the criminal procedure.

Agency in charge of preliminary inquest, investigation officer, prosecutor or court, having received application or report about a threat to security of a person indicated in a part second of the present article is obliged to verify this application (message) and not less than within three day, and in pressing cases to take immediate decision about application or refusal in application of safety measures. In accordance with their decision they take the conforming decree or definition and convey it for execution to a Body responsible for providing security measures. This decree or definition is obligatory for execution by the indicated Bodies.

The Body responsible for security measures, establishes a list of indispensable measures and ways of their implementation, guiding in this case by concrete circumstances and necessity of elimination of existing threat. A person taken under protection should be notified about security measures, conditions of their implementation and rules of using property or documents issued with the purpose of security.

At availability in application (message) about a threat to security of a person indicated in part two of the present article, items of information about a crime, the investigation Body , investigation, prosecutor, court or the judge in the order, stipulated by Articles 94, 98 and 99 of the present Code, takes a decision on lodging or refusal criminal case or about conveying the application( message) to whom it may concern.

The notification about the taken decision should be immediately sent to the applicant.
The body realising security measures should inform about taken measures and results the investigation Body, investigator, prosecutor, court or judge, in charge of which the criminal case is depending.


**The article 178 of the Criminal Code and Code of Practice of Ukraine**
*Reasons for seizure and procedure of giving consent for its execution*

The seizure should be made in cases when there is sufficient information, that the things or documents important for case are available with a definite person or in a definite place.
The seizure should be made under the motivated decree of the investigator.
The seizure of the documents containing the state secret should be made only from the sanction of the prosecutor or his deputy and in procedure agreed with the chief of the conforming institution.
The forced seizure from dwelling or other possession of a person is made only under the motivated decree of the judge, which should be taken with observance of procedure stipulated by the present code.

**The Article 179 of the Criminal Code and Code of Practice of Ukraine**
*Investigative demand for things and documents*

The officials and citizens have no right to refuse from showing or submitting the documents or their copies as well as other subjects demanded by the investigator during search or seizure.

- 3 -

Submitting and inspection of the documents containing the data having the state secret should be made with observance of the existing rules ensuring safety of the state secret.

### The article 180 of the Criminal Code and Code of practice of Ukraine
*Time of execution of a search or seizure.*

Search or seizure should be effected in the daytime, except emergency cases.

### The article 181 of the Criminal Code and Code of practice of Ukraine
*Persons in whose presence a search or seizure should be made*

The search or seizure should be made at the presence of two attesting witnesses and a person, who occupies the premise, and in his absence - representative of housing department or local Council of the People's Deputies.
The search or seizure in premises occupied by enterprises, institutions and organisations should be made in presence of their representatives.
To the witnesses and conforming representatives should be explained their right to be present during all actions of the investigator and to make declarations concerning these actions; these declarations are subjected to placing into Protocol.

### The article 183 of the Criminal Code and Code of practice of Ukraine
*Procedure of search and seizure*

Before a search or extraction the investigator should show the decree to persons occupying premises, or to representatives of enterprise, institution or organisation, where the search or seizure to be made, and suggests them to submit the things or documents, indicated in the decree. In case of refusal to fulfil his demands the investigator makes a search or extraction under compulsion. In case of absence the persons who occupy premise, the decree about execution of a search or seizure should be presented to representative of Housing department or to Local Council of the People's Deputies and the seizure to be made in their presence.
The investigator has the right to forbid to persons available in premise, as well as to persons who entered the premise, to come out of premises and to communicate one another or with other persons before the termination of a search or seizure is over.

### The article 186 of the Criminal Code and Code of practice of Ukraine
*Procedure of seizure of things and documents*

During search or seizure there can be seized only things and documents important for case, as well as values or property of accused or suspected with the purposes of ensuring the civil action or probable confiscation of property. The things and documents withdrawn by the law from the circulation, are subjected to seizure irrespective of their relation to business.
All documents and things subjected to seizure, the investigator should show to witnesses and other present persons and to enumerate in the record of search or seizure or in supplemented list with indicating their name, quantity, and individual signs. In indispensable cases the seized things and the documents should be packed and sealed at the place of search or seizure.

- 4 -



### The article 188 of the Criminal Code and Code of practice of Ukraine
*Protocol of search and seizure*

The investigator should make a protocol about execution of a search or seizure in two copies with observance of the rules of Article 85 of the present Code. In the protocol should be indicated the following: the reasons for a search or seizure; premises or other place, in which a search or seizure took place: a person at whom a search or seizure were effected: Actions of the investigator and results of a search or seizure. Concerning each thing subjected to seizure, there should be indicated, in which place and under what circumstances it was found.
Into protocol of search or seizure should be introduced all applications(declarations) and remarks of those present in respect of this or those actions of investigator. Both copies of the protocol as well as list of the seized documents should be signed by the investigator, by person, at whom the search or seizure was made, and by the present invited persons.

### The article 189 of the Criminal Code and Code of practice of Ukraine
*Obligatoriness of handing a copy of Protocol about search or seizure.*

The second copy of the Protocol about search or seizure, as well as the second copy of list should be handed to a person, at whom the search or seizure was effected, and at his absence to the adult member of family or to representative of Housing department or Local Council of the People's Deputies.
In case of execution a search or seizure at the enterprise, institution or organisation the second copy of the Protocol and list should be handed to the representative of the enterprise, institution or organisation.
If there are some remarks in Protocol regarding mishandling in process of search, the investigator not later than within two days should inform about it the prosecutor effecting supervision over investigator.

### The article 199 of the Criminal Code and Code of practice of Ukraine
*Taking specimens for expert investigation*

If necessary investigator has the right to issue the decree about seizure or taking specimens of handwriting or other specimens necessary for expert investigation. There should be made a protocol about taking specimens.
The specimens should be kept in accordance with rules of keeping material evidences.

**Note:** specimens of signature and handwriting are replicated on a sheet on the one side in such a manner that the lines of different signatures would not be intercepted among themselves. Specimens of handwriting should be taken by rewriting of the text of any literary work.

### The law of Ukraine " About the value added tax " of April 3, 1997
№ 168/97-ВР *(with changes and amendments).*

This Law defines the taxpayers for the added value tax, objects, base and tax rates, list of the tax-free operations as well as operations released from the taxation, feature of the taxation of export and import operations, concepts of the tax bill, order of accounting, accountability and depositing of tax into the budget.

- 5 -

**Sub-item 7.2.1 of item 7.2** Article 7 - the taxpayer is obliged to submit to the buyer the tax bill, which one should contain by separate lines the following:
a) Serial number of the tax bill;
b) Date of issue of the tax bill;
c) Name of juridical person or surname, name and patronymic of the natural person registered as the taxpayer on the added value tax;
d). Tax number of the taxpayer (vendor and buyer);
e). Place of location of the juridical person or place of the tax address of the natural person registered as the taxpayer on the added value tax;
f). Description (nomenclature) of the goods (works, services) and their quantity (volume);
g). Full name of consignee;
h). Price of sale without tax;
i). Rate of tax and conforming sum of tax in digital value;
j). Total sum of means subjected to payment with taking account the tax;

**Sub-item 7.4.5 of item 7.4** Article 7 – It is not allowed to include into the tax credit any expenses on payment of tax, which are not confirmed by the tax bills or customs declarations, and in case of import of works (services) – by the acceptance certificate for works (services) or banking document, which certifies listing of means into payment of the cost of such works (services).

*Перевод выполнил ведущий эксперт Луганской ТПП       Руденко Н.В.*
*паспорт ЕК № 778990 выдан Жовтневым РОУМВД   Украины*
*в Луганской области 4 марта 1998 года*




The translation was made by the leading expert of translation Bureau at the Lugansk Chamber of Commerce and Industry RUDENKO N. V.
Passport EK No 778990 issued by department of internal Affairs by Zhovtnevy district on March 4, 1998